NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HURIAS MACHUCA VALENCIA, AKA Lazaro Machuca Valencia, AKA Manuel Machuca Valencia, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   18-70104 <br><br> Agency No. A098-959-174 <br><br> MEMORANDUM* |
| HURIAS MACHUCA VALENCIA, AKA Lazaro Machuca Valencia, AKA Manuel Machuca Valencia, AKA Lazaro Machucha Valencia, AKA Manuel Machucha Valencia, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   18-72718 <br><br> Agency No. A098-959-174 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 5, 2020[**]
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

Hurias Machuca Valencia ("Machuca"), a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Machuca made only passing reference to the BIA's determination that he could safely relocate within Mexico in his opening brief to this Court and therefore waives his right to challenge it on appeal. *Aguilar-Ramos v. Holder*, 594 F.3d 701, 703 n.1 (9th Cir 2010) ("Issues raised in a brief that are not supported by argument are deemed abandoned." (quoting *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996))). The relocation finding is dispositive as to fear of future persecution. 8 C.F.R. § 1208.16(b)(3)(i) ("In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate . . . ."). We therefore will not consider Machuca's separate argument that the BIA erred in failing to find that he

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

has a well-founded fear of future persecution.

2.     The BIA did not abuse its discretion in denying Machuca's motion to reopen where Machuca did not include with the motion any application for the relief sought or a supporting declaration.[1] *See Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) ("We review the Board's denial of a motion to reopen for abuse of discretion . . . ."); 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation.").

**PETITION DENIED.**

---

[1] Machuca's motion for judicial notice (Dkt. No. 23) and motion to strike (Dkt. No. 34) are **DENIED** as moot.